Filed 2/11/15  P. v. Acedo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066084 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS268470) |
| DANIEL ACEDO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel Acedo pleaded guilty to one count of corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a))[1] and admitted a weapon allegation (§ 1192.7, subd. (c)(23)). The trial court sentenced Acedo to two years in prison, ordered him to pay fines and fees, and retained jurisdiction to determine victim restitution.

---

[1]    All statutory references are to the Penal Code.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After having independently reviewed the entire record for error, as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende,* we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2013, Acedo and his girlfriend had an argument at a trolley station. Acedo cut his girlfriend on her left shin with a box cutter, causing a laceration of approximately a quarter inch. A transit security officer witnessed the assault, which was also recorded by security cameras.

The People charged Acedo with a felony count of corporal injury to a cohabitant using a dangerous and deadly weapon (§§ 273.5, subd. (a), 1192.7, subd. (c)(23)) and a felony count of assault with a deadly weapon (§§ 245, subd. (a)(1), 1192.7, subd. (c)(23)).

After the preliminary hearing, Acedo waived his right to counsel and chose to represent himself. On February 5, 2014, Acedo pleaded guilty to corporal injury to a cohabitant and admitted the weapon allegation. The prosecution agreed to dismiss the count of assault with a deadly weapon and stipulated to a sentence of two years in prison with up to 50 percent reduction in time for good conduct. Acedo filed a written guilty plea acknowledging he had been advised of his constitutional rights and the consequences of his guilty plea. The court advised Acedo of his rights and the consequences of his guilty plea. Acedo, under oath, acknowledged he was advised of his constitutional rights

2

and the charges against him.  After clarifying the consequences of his guilty plea with the court, Acedo acknowledged the court advised him of the consequences of his guilty plea.

On March 6, 2013, Acedo filed a motion to withdraw his guilty plea, asserting the trial court initiated the plea negotiations, tried to persuade Acedo to accept the plea bargain and improperly advised him of the consequences of a guilty plea.  The motion was heard by another trial court judge on April 11.  The court reviewed Acedo's motion, supporting affidavits, and the record transcript, and denied the motion.

Acedo filed a motion to reconsider the denial of his motion to withdraw his guilty plea, claiming the plea agreement was illegal under section 1192.7, subdivision (a)(2), because the crime to which he pleaded guilty was a serious felony.  The district attorney stated the case fell within an exception to section 1192.7, subdivision (a)(2), because the victim was not cooperating and the plea bargain served the public's interest in safety in view of the victim's minimal injury.  Acedo also asserted he had not been advised that fines and fees would be imposed if he pleaded guilty.  When informed he had initialed a form acknowledging that fines and other reasonable conditions could be imposed, Acedo stated he had not read the form advising him of his rights and the consequences of a guilty plea when he initialed the advisements and signed the form.  The trial court denied the motion to reconsider and imposed sentence.

### DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court.  Counsel has presented no argument for reversal, and invited this court to review the record for error in accordance with *Wende*, *supra*,

3

25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

"1.     Whether appellant's guilty plea was unlawful, and should be vacated, because appellant entered into a plea bargain in violation of Penal Code section 1192.7, subdivision (a)(2), which limits pleas bargaining in cases alleging the commission of a serious felony?

"2.     Whether the trial court erred by denying appellant's motion to withdraw his guilty plea?"

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. We granted Acedo permission to file a brief on his own behalf. He has not responded. Acedo has been represented by competent counsel on this appeal.

DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.

4